IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ASHLEY,<br><br>             Petitioner,<br>     v.<br><br>TIM VIRGA, Acting Warden,<br><br>             Respondent.<br>                                          / | No. C 11-01192 CW (PR)<br><br>ORDER DIRECTING PETITIONER TO FILE COMPLETED 28 U.S.C. § 2254 HABEAS PETITION FORM; AND DIRECTING HIS PAYMENT OF FILING FEE OR FILING OF IN FORMA PAUPERIS APPLICATION |

   Petitioner, a prisoner of the State of California, filed with the Court a document entitled, "Request for Appointment of Counsel," in the instant case, which was opened as a habeas corpus action. The Court's docket reveals that Petitioner has never filed a federal habeas petition in this or any other federal district court. As such, he has no federal habeas corpus petition pending. Without an actual petition, this action cannot proceed.

   On March 14, 2011, the Court received another document from Petitioner entitled, "Request for Appointment of Counsel and Declaration of Indigency."[1] He expresses his intention to file a habeas petition, but he claims to have a "disability covered under the Americans with Disabilities Act . . . [which] makes it hard for [him] to read, write and understand material regarding [his] case." (Pet'r Mar. 14, 2011 Mot. for Atty. at 2.) Therefore, he is seeking appointment of counsel to assist him in litigating his claims. If Petitioner wishes to pursue his habeas claims and he

---

   [1] When Petitioner first filed this action, he named "Cheryl Pliler" as Respondent. In his March 14, 2011 motion, he names "T. Virga" as Respondent. Under Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, the proper respondent is Tim Virga, the acting warden at the California State Prison - Sacramento, where Petitioner is incarcerated.

has already completely exhausted his state judicial remedies, he may file a habeas petition using the attached form. If he does so, the Court will review it, if it appears that Petitioner states cognizable claims for relief, the Court will consider Petitioner's request for appointment of counsel.

No later than thirty (30) days from the date of this Order, Petitioner shall file with the Court the attached 28 U.S.C. § 2254 habeas petition form, completed in full, including the state post-conviction relief he has sought and any claims he seeks to raise in federal court. Finally, he should clearly write in the correct caption and case number for this action, C 11-01192 CW (PR).

In addition, Petitioner has not paid the requisite $5.00 filing fee or filed an application for leave to proceed in forma pauperis (IFP). The Court cannot conduct an initial review of this matter until Petitioner has either paid the filing fee or completed an IFP application. See 28 U.S.C. § 1915(a) (a party is permitted to file a civil action in federal court without prepayment of fees or security if he makes an affidavit that he is unable to pay such fees or give security therefor). Accordingly, Petitioner shall pay the requisite $5.00 filing fee in this action no later than thirty (30) days from the date of this Order. He shall include with his payment a clear indication that it is for the above-referenced case number, C 11-01192 CW (PR). In the event that Petitioner is unable to pay the filing fee, he shall submit an IFP application, trust account statement and certificate of funds no later than thirty (30) days from the date of this Order.

If Petitioner fails to file a completed § 2254 habeas petition form and fails to pay the filing fee or file the requisite IFP application within the thirty-day deadline, the case will be closed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  See <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 633 (1962) (pursuant to Rule 41(b), a district court may on its own motion, dismiss an action for failure to prosecute or to comply with a court order);  <u>see also</u> <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 133 (9th Cir. 1987) (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

The Clerk of the Court shall send Petitioner a blank § 2254 habeas petition form and a blank prisoner IFP application form.

IT IS SO ORDERED.

Dated: 3/31/2011

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

AARON ASHLEY,

        Plaintiff,

v.

HERYL PLILER et al,

        Defendant.

Case Number: CV11-01192 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 31, 2011, I SERVED a true and correct copy(ies) of the attached **and a blank § 2254 habeas petition form and a blank prisoner IFP application form**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aaron Ashley AA3143
B-1-223
CSP-Sacramento
P.O. Box 290066
Represa, CA 95671-0066

Dated: March 31, 2011

                                    Richard W. Wieking, Clerk
                                    By: Nikki Riley, Deputy Clerk